## HADLEY V. ULRICH.

[*Opinion Filed July 22, 1893*]

1.   APPEAL.—*Interlocutory Order.*—No appeal will lie from an inter-
locutory order, or decree, making division of real estate and grant-
ing a mandatory injunction, made at chambers and in vacation; and
an appeal from such order was properly dismissed on motion.

*Appeal from an interlocutory order, or decree, made
by Hon. John H. Burford, Judge, at Chambers and in
vacation.    On motion the appeal was dismissed; and on
petition for a rehearing, the following opinion was filed.
Rehearing denied.*

*Amos Green & Son*, for Petitioner.

*R. S. Smedley, Contra.*

The opinion of the court was delivered by.

DALE, J.:   This cause was decided at the January
term, upon motion of the appellee to dismiss the appeal
herein, which motion having been granted, the plaintiff
now seeks to have said dismissal set aside.

The action was commenced in the lower court, in
Canadian county, and a restraining order granted by
the judge, in chambers, pending the final result of the
litigation.

The appellant appealed from such restraining order
and the appellee having filed his motion to dismiss, the
court sustained the same because no provision is made
in our statutes for an appeal from an interlocutory or-
der granting a restraining order.

In his petition for a review, counsel for appellant in-
sists that the court below did not grant a mere interloc-
utory decree,  but that the same was a decree which
operated to place plaintiff below in possession of land,

and that an injunction cannot be invoked for placing a party in possession of land under such condition of facts as is disclosed in the pleading in this case.

The facts upon which the interlocutory order of the court below was based are set forth in the transcript, and are in substance as follows:

"That the defendant, Hadley, duly made homestead entry of the land in controversy, and took possession of same and began improving and occupying the same, and has continued to occupy, improve and reside upon the same to the date of the hearing. That the plaintiff, Ulrich, filed a contest against said entry, alleging the disqualification of said Hadley, which contest was duly tried in the United States land office and decided in favor of said Ulrich, and the entry of Hadley held for cancellation; that in due time Hadley appealed from said decision, to the commissioner of the general land office, who, after considering said case, affirmed the decision of the register and receiver and ordered that said entry be canceled; that in due time said Hadley appealed from said decision to the secretary of the interior, who, upon consideration of the same, affirmed the decision of the commissioner and ordered that the homestead entry of said Hadley be canceled, and awarded to the contestant, Ulrich, a preference right of entry; that thereupon said homestead entry was canceled, and held for naught, and on the — day of — 1892, plaintiff, Ulrich, made homestead entry for said land, described as follows: Lots 1, 2, and 6, in Sec. 12, and lot 7, of Sec. 13, and the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of Sec. 12, in Twp. 12 N., R. 6, W., all in Canadian county, Oklahoma Territory. That afterwards said defendant, Hadley, made application to the secretary of the interior to reopen said case and set aside said decree and judgment, canceling his said entry, which application is still pending undisposed of before the secretary of the interior.

"It is further found that the plaintiff, Ulrich now has a homestead entry upon said land, and by reason thereof is entitled to, and has the right to reside upon, occupy and improve said tract, and that until the sec-

retary of the interior shall dispose of the said application for a rehearing, the defendant Hadley also has the right to ·reside upon, use, occupy and cultivate said tract; that the said Hadley is preventing the said Ulrich from going upon the said land, establishing residence thereon or in any way improving the same; and is threatening to further refuse him possession to occupy any portion of said land, and to prevent him from perfecting his rights as a homestead entryman and settler, and it appearing to the court that the plaintiff has executed a good and sufficient undertaking, with sureties approved by the clerk of this court, that he is entitled to an order restraining the defendant from interfering with, or preventing his settlement and residence upon said tract of land, and it further appearing to the court that it will be right, just and equitable for the plaintiff to use and occupy a portion of said tract, and the defendant the other portion thereof, until such time as their rights are finally determined by the proper tribunal, and that the buildings and residence of said defendant are situated on the east half of said tract, it is therefore ordered, adjudged and decreed that until further order of this court, the plaintiff, Ulrich, shall have the right to, occupy and improve lot 2, and the N. W. $\frac{1}{4}$ of the S E. $\frac{1}{4}$ Sec. 12, and lot 7, Sec. 13, Twp, 12 N., R. 6 W., and that the defendant, Hadley, shall have the right to use, occupy and improve lots 1 and 6, and the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of said Sec. 12 aforesaid and the said defendant Hadley is hereby restrained and enjoined from any and all · interference with said plaintiff in the use and occupancy of that portion of said land set apart and assigned to said plaintiff, except that the said Hadley shall have the right to cultivate to maturity and at maturity to remove from said land set apart to said Ulrich, any growing crops that he may now have thereon, planted by him, and shall have the right to remove from said land set apart for Ulrich, within ninety days herefrom any fences, wire or posts that he may have heretofore placed thereon. And each of said parties are hereby restrained and enjoined from in any manner interfering with the other in the use, occupancy and improvement of the portion of said

lands herein respectively assigned to them. To all of which the defendant, Hadley, by his counsel, excepted and now prays an appeal to the supreme court, which appeal is granted, upon his giving an appeal bond in the sum of $500, with sufficient surety, to be approved by the clerk of this court, and defendant is given ten days to file an appeal bond and perfect an appeal. "

The foregoing is a mere interlocutory order. The court, it is true, found the facts as they appeared from the pleadings before the court, but distinctly avers that the order made shall be binding upon the parties until further ordered by the court. But even if the court intended to make a final decree, it could not so operate, and must be considered as temporary.

While it may be true that the restraining order effected, as suggested by counsel, a partition of the land, yet we cannot review such order until the case comes before us, after the lower court has finally disposed of all matters, and it reaches us upon proper appeal. It may, however, be said in this connection that our statute is very broad and the court is invested with ample powers in proceedings of this kind under consideration, but whether or not the court has exercised its powers in this case can only be determined when the final order of the court shall have been made and the case brought to us on appeal from such final order. The case is still before the lower court and it may be brought before that court for modification of the temporary restraining order, if it cannot be finally determined at an early day.

The petition for a rehearing is denied.

All the Justices concurring.